LOUIS GARNO, Respondent, *v.* HENRY P. BURGARD, Appellant.

Fourth Department, May 16, 1917.

**Negligence — injury by steam shovel — alleged intoxication of operator — evidence not justifying recovery.**

Action to recover for personal injuries caused by the operation of a steam shovel, the defendant's liability being predicated upon the intoxication of the employee who was operating the machine. Evidence examined, and *held,* that a judgment for the plaintiff should be reversed because plaintiff's

evidence as to the intoxicated condition of the defendant's servant was inherently improbable and unworthy of credence and because the evidence to the contrary was overwhe ming.

APPEAL by the defendant, Henry P. Burgard, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oswego on the 19th day of October, 1916, upon the verdict of a jury for $7,500, and also from an order entered in said clerk's office on the 11th day of October, 1916, denying defendant's motion for a new trial made upon the minutes.

*Falk, Phillips & Schlenker* [*E. C. Schlenker* and *Eugene L. Falk* of counsel], for the appellant.

*J. T. McCaffrey* [*C. I. Miller* of counsel], for the respondent.

PER CURIAM:

We do not think the verdict recovered by the plaintiff should stand. There have been two trials of the action. Upon a former trial the plaintiff recovered a verdict and on appeal the same was set aside and a new trial granted by reason of the confessedly perjured testimony of one Killen, a negro, a witness for the plaintiff. (171 App. Div. 972.)

Killen testified that Charles Matthews (referred to as "Whitey" Matthews), who was a steam shovel operator in defendant's employ and who was in charge of the operation of the shovel when it struck plaintiff, was at the time intoxicated, and the jury were permitted to find that the plaintiff's injuries were caused by the negligence of Matthews for whose acts defendant was responsible. After the trial, Killen was arrested for perjury and while in jail confessed that he had committed perjury in testifying that Matthews was intoxicated when plaintiff was injured. Defendant then moved for a new trial because of such perjured testimony. The motion was denied and on appeal to this court the order was reversed, the judgment set aside and a new trial granted upon the sole ground of the perjured testimony of Killen. Upon the last trial Killen was not sworn but plaintiff produced several witnesses who testified in relation to Matthews' intemperate habits, some of them swearing that he was intoxicated at the time of the accident.

Without discussing in detail the testimony of these witnesses, most of them sworn for the first time upon the trial here under review, it is sufficient to say that their testimony is so inherently improbable in the light of the circumstances as revealed by this record as to make it unworthy of credence. In this connection it is a significant fact that plaintiff, himself, who worked for Matthews from morning until the late afternoon of the day he was injured and who had every opportunity of observing the shovel operator's condition that day, positively disclaimed that he saw any indication of Matthews' intoxication or that he had ever seen him when he thought he was under the influence of liquor and that he had never heard of Matthews' intoxication at the time of the accident until he heard the testimony of his (plaintiff's) witnesses upon the prior trial.

On the day of the injury, Matthews was in charge of the steam shovel and plaintiff had drawn a large number of loads of gravel — probably fifty loads — of Matthews' loading, and was throughout the day in a position to observe and know the latter's condition, and his failure to observe any indication of intoxication to which some of the witnesses so willingly testified is most significant and gives birth to the suspicion that plaintiff's professed ignorance of Matthews' alleged intoxication was, perhaps, to avoid the imputation of an assumption of risk on his part which might defeat a recovery. The fact nevertheless remains, that plaintiff, if he is truthful, saw Matthews at least fifty times that day and never received the slightest intimation that the latter was otherwise than sober. Matthews was concededly an expert and experienced operator of steam shovels — as many of the witnesses say, one of the best in the business — and on the day in question loaded 400 loads of gravel without accident until the mishap to plaintiff. The steam shovel controlled by Matthews was a complicated machine requiring care and prudence in its operation. In lifting and discharging each shovel load of gravel, the operator was called upon to use four separate levers and a foot brake. No man in the maudlin condition claimed of Matthews by some of the plaintiff's witnesses could successfully load 400 loads of gravel in a day with this complicated machinery without accident.

To meet plaintiff's testimony on the subject of Matthews' intoxication, defendant swore no less than fourteen apparently candid and disinterested witnesses, some of them engineers and employees in the State service, others teamsters and fellow-employees, all of them in a position to know, who gave testimony to the effect that Matthews was a sober, hard-working and extremely efficient workman and a successful and careful operator of the machine in his charge; that they never saw him drink or under the influence of intoxicating liquor.

We have no hesitation in expressing our opinion that not only does the testimony of these witnesses produced by the defendant overwhelmingly predominate over that offered by the plaintiff upon the vital question of Matthews' condition at the time the plaintiff was injured, but that we are called upon to set aside the verdict rendered on the trial herein as clearly against the weight of evidence.

The entire conduct of this case on the plaintiff's part, starting with the fraud perpetrated through the perjured testimony of Killen upon the first trial, followed by the production of the witnesses upon the second trial of a character and whose testimony is of a similar quality to that presented upon the first trial, is such as to compel grave doubt that plaintiff has a valid cause of action against defendant herein.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to the appellant to abide the event, upon questions of law and fact. The particular questions of fact upon which the reversal is made are stated in the *per curiam* opinion which is made a part of the order.